WARRENBERG ET AL. *v*. CLINE.

# No. 14,937.

LOWDERMILK BROTHERS ET AL. *v*. CLINE.

(114 P. [2d] 302)

Decided June 2, 1941.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. MORRY M. STERLING, Assistant, for plaintiffs in error.

Mr. CARL CLINE, pro se. Mr. KENNETH LORRIN SMITH, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

Two cases are here consolidated for the purpose of this review, both involving the same question, namely, whether the Industrial Commission acted arbitrarily and capriciously in fixing attorney's fees therein. The cases are: No. 14,936, to which reference will be made as the Warrenberg case, and No. 14,937, herein designated as the Schumaker case. In the Warrenberg case, Mr. Cline, an attorney, defendant in error, was allowed a fee of $50, and in the Schumaker case a fee of $35. Cline, being dissatisfied with the amounts allowed, instituted an action in the district court asking that he be granted reasonable compensation for the legal services rendered, in any event, amounts in excess of those awarded by the commission. After hearing the trial court fixed the amount of his fees at $100 in each case and ordered the commission to increase its allowances accordingly. Reversal of that judgment is sought by the respective opposing parties.

Cline's position is that in the Warrenberg case he obtained an award for his client of $1,782.24 and was allowed a fee of $50, "which was a mere 2.8% of the amount of recovery," and in the Schumaker case the award was $3,022.11, the fee being $35, or 1.15% of the award. He claims that these fees were wholly inade-

quate, and all out of proportion as compared to the reasonable value of his services in behalf of the claimants whom he represented. His legal argument is that the award of attorney's fees made by the commission is not supported by its findings, and that in such cases the court "may order said commission to enter the proper award upon the findings, as the nature of the case shall demand." '35 C.S.A., c. 97, §386, C.L. §4481. There are here no findings to which this argument is applicable.

Section 369, chapter 97, '35 C.S.A., C.L. §4464, reads as follows: "Unless previously authorized by the commission, no lien shall be allowed nor any contract be enforceable for any attorney's fees, contingent or otherwise, for services rendered for the enforcement or collection of any claim for compensation or other proceedings under the workmen's compensation act, and then only as provided by rules of the commission."

Pursuant to statutory authority the commission adopted its rule No. 17, reading as follows: "No attorney's fees nor lien therefor will be allowed or awarded unless the attorney, prior to or during the hearing of any claim or during the pendency of litigation thereon, file his written request or state into the record, his oral request for such allowance.

"Attorneys' fees shall be fixed according to the following schedules: preparation of claim, including trial of same, first day, $10.00 to $50.00. For each additional day or part thereof, not to exceed $20.00, provided, however, that the total fees to be allowed shall in no case exceed 15% of the amount awarded or collected."

There is no dispute here concerning the commission's power, under its rules, to determine the amount of allowance for attorney's fees, but the reasonableness of the amounts allowed in the exercise of this power is challenged, as above indicated.

This is the first time this question has been before us for determination and it is not without its difficulties because of the divergence of views expressed

by the various courts, and by reason of the many different provisions regarding attorney's fees in the various workmen's compensation acts. There can be no serious contention concerning the general statement that under such acts attorney's fees are allowed and payable only in accordance with the statute and as approved by the commission. 71 C.J., p. 1403, §1345. Schneider on Workmen's Compensation Law (2d ed.), vol. II, §573. For a number of years no serious question arose concerning attorney's fees in these cases because most of the members of the bar acquiesced in the rule that "members of the bar should honestly, straightforwardly and sincerely aid in the carrying out of this beneficent legislation and if they are unwilling to do the work for the amount allowed by the commission they should stand aside and let others do it." *In re Fisch,* 188 N.Y. App. Div. 525, cited in Schneider, supra. A study of compensation cases decided in recent years definitely indicates a disposition on the part of the courts to give consideration to situations which indicate unfair treatment of counsel at the hands of the commission. We think a fair statement of the law today to be that the commission does not have "a purely uncontrolled and arbitrary power to determine what shall be allowed the attorney who assists in the proceedings [*W. J. McCahan Sugar Refining Co. v. Norton,* 34 F. (2d) 499. Certiorari to U.S. Sup. Ct. was denied]" but must give reasonable attention to counsel when complaint is made concerning the inadequacy of his fee. It is unnecessary to say, nor do we hold, that the commission acted arbitrarily and capriciously in the present cases in fixing the amounts it did, but since the record discloses that defendant in error was not given an opportunity to be heard on the question, we think the commission did act arbitrarily in refusing a hearing.

In a recent Oklahoma case the commission allowed an attorney $75.00 as fees for recovering $1,872 for his client. The Oklahoma statute is very similar to ours.

In commenting on the situation, the court said: "In considering the claim of an attorney for fees in a proceeding before it, the commission should not act arbitrarily nor upon an ex parte hearing, but only after an opportunity has been afforded all of the parties interested to be present and to present their evidence in support of, and in opposition to, the claim and to thereupon approve the claim in such amount as may be commensurate to the services rendered by the attorney, at all times having due regard to the right of both the workman and the attorney. If the services rendered by the attorney have been only nominal, then only a nominal fee should be approved. If, on the other hand, a·real contest has been had before the commission, then the fee approved should be commensurate to the work performed and the result obtained." *Conrad v. State Ind. Com.,* 181 Okla. 324, 73 P. (2d) 858.

 "Among the matters considered in the determination of the amount of the fee are the number of witnesses sworn, the length of time taken, and the nature of the case, whether it was a troublesome, complicated issue or a simple matter easily and quickly determined." 71 C.J., p. 1403, §1345.

 So far as the action of the trial court in this matter is concerned, we have no hesitancy in saying that it had no authority to fix the fees as it did, because there was neither evidence nor findings supporting the award.

Our conclusion is that the judgment be reversed and the cause remanded with instructions to the trial court to again refer the matter to the commission with instructions to proceed in harmony with the views herein expressed.