## No. 15,131.

CLINE *v*. WARRENBERG ET AL.
(126 P. [2d] 1030)

Decided June 8, 1942.

Mr. CARL CLINE, pro se, Mr. KENNETH L. SMITH, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. MORRY M. STERLING, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE BOCK delivered the opinion of the court.

THIS controversy involves the allowance of attorney fees in a workmen's compensation case, and received our consideration on a former occasion, *Warrenberg v. Cline,* 108 Colo. 179, 114 P. (2d) 302, to the opinion in which case reference is made for a statement of the pertinent facts. There, two claimants were involved; here we have only Warrenberg. The only question determined in the former adjudication related to the fixing of the amount of attorney fees by the Industrial Commission without affording the interested parties an opportunity to be heard, which action we held to be arbitrary and void. Thereafter the commission, upon hearing a number of witnesses, allowed Cline on the Warrenberg claim

a fee of $75 for legal services. Such was the judgment of the district court. This was an increase of $25, being approximately 4.2 per cent of $1,782.24, the amount of the additional award recovered through the assistance of the attorney. A statement of the applicable law, together with Rule No. 17 of the commission will be found in our former opinion.

There is here no conflict in the evidence. The testimony given by eminent counsel, including that of the president of the Denver Bar Association and a former member of this court, was to the effect that the reasonable value of the legal services rendered by Cline in the proceedings before the Industrial Commission, having in mind the object of the Workmen's Compensation Act, was between $150 and $300. It was stressed that the assurance of payment for legal services was contingent upon an award in favor of claimant. Cline testified that, in his opinion, a reasonable fee for the services rendered would be between $150 and $250. Because Warrenberg became apprehensive of the further inconveniences in the collection of these legal fees, Cline testified that, in order to keep him pacified, he told him he would inform the commission that he would be satisfied with a fee of $100.

The issues in the present case are of larger scope than the mere determination of the fee of the particular attorney involved, and this largely was the purport of the evidence adduced. The legislative intent in the enactment of section 369, chapter 97, '35 C.S.A., was to prevent attorneys representing claimants before the commission from exacting from them excessive or unreasonable fees for legal services. The reasonableness of Rule No. 17, which was promulgated by the commission under the foregoing section, is not before us, and we express no opinion thereon. The Commissioners in their findings, referring to the undisputed evidence of the attorneys who testified in Cline's behalf, made this statement: "This opinion evidence the Commission

finds, in the main, of little weight since it comes from witnesses, who by their own testimony, appear to be disqualified in matters having to do with the Workmen's Compensation Act and cases of this character. It further seems the amounts testified to by the expert witnesses appear from the record to be based by those witnesses upon characteristics of general practice of the law which do not apply, in the Commission's opinion, to the particular questions involved in the two cases under consideration."

■ From the record it appears that at least two of the witnesses were not disqualified "in matters having to do with the Workmen's Compensation Act and cases of this character." The above quoted statement indicates that the commission, in ascertaining what was a reasonable fee for the services rendered by Cline, disregarded the testimony of all of several competent witnesses. "In fixing the amount of their fees for appearing and conducting litigation before the commission, attorneys should be accorded the same fair consideration as they usually receive before any other tribunal considering the amount of legal work done and the amount of money involved." 71 C.J., p. 1403, §1345.

■ It could not have been the legislative intent to place the amount to be allowed as attorney's fees on such a low and unreasonable level as would foreclose a claimant from obtaining the legal services of competent counsel. It is difficult to conceive that regulatory powers of an administrative board, without express legislative sanction, are to be so exercised as to prevent the obtaining by a claimant of the assistance of competent counsel. To arbitrarily deny a claimant the right of competent legal representation by fixing unreasonably low remuneration for services rendered by attorneys, is a serious matter, and may amount to a denial of due process. Preconceived ideas of the Commissioners as to the value of legal services rendered in workmen's compensation cases should not be permitted to override the sworn tes-

timony of competent witnesses as to the value of such services rendered in a given case. Having in mind the humanitarian purposes of the Workmen's Compensation Act, the commission would, perhaps, be warranted in awarding the minimum reasonable fee disclosed by the evidence, unless it should not be satisfied with the competency and credibility of the witnesses testifying, a question not involved in the case at bar. Where, as here, the commission disregarded all of the evidence, its finding must be held to have been arbitrary and capricious.

From experience gained in reviewing judgments in such cases, we know that controversies arising under the Workmen's Compensation Act sometimes are highly technical, and where such is the case a claimant requires the assistance of counsel possessed of skill and learning. The insurer in such cases usually is represented by very able and expert counsel, and in the administration of justice a measure of equality in ability of counsel representing the litigants is a great aid in arriving at a just solution of the issues involved.

Considering the entire record before us, and in view of the financial limitation which Cline placed upon his legal services, we are of the opinion that the evidence will support an allowance of an attorney's fee in the sum of $100, although, without such limitation, the testimony would support a higher fee.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.