296 P.2d 443

**H. S. McCLUSKEY, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of the State of Arizona, and B. F. Hill, A. R. Kleindienst and F. A. Nathan, Members of the Commission, Respondents.**

No. 6160.

Supreme Court of Arizona.

May 1, 1956.

H. S. McCluskey, Phoenix, in pro. per.

Robert K. Park, Phoenix, for respondent Industrial Commission, John R. Franks, Donald J. Morgan and John F. Mills, Phoenix, of counsel.

UDALL, Justice.

Certiorari to the Industrial Commission of Arizona to review a decision allowing petitioner, H. S. McCluskey, an attorney's fee of $750 in the workmen's compensation case of Kelsey v. Industrial Commission.

The rights of the injured workman were determined by our decision in the case of Kelsey v. Industrial Commission, 79 Ariz. 191, 286 P.2d 195. The problem of when the Commission must fix an attorney's fee was recognized therein, but we held that an interpretation of the Act governing at-

torney's fees must necessarily await a review when such matter was properly before us. That time has now arrived. It will not be necessary to again set out at length the governing statute, Chap. 112, L. '53—now appearing as Sec. 23-1069, A.R.S.1956, as same appears in the Kelsey opinion, supra.

Procedurally speaking, in fixing the attorneys' fees the following steps were taken, viz.:

1. Petitioner on December 6, 1954, filed with the Commission a letter signed by him and his client, claimant Kelsey, which reads in part:

"Please enter an order * * * fixing and allowing H. S. McCluskey, as an attorney's fee, 25% of all compensation (excluding medical benefits) from May 20, 1953, and pay the same directly to him * * * in installments, out of my award * * * as the same become due and payable.

"The said fee is to be based upon the difference between the $145.80 monthly wage fixed in the award of March 24, 1953, and the 'average monthly wage', prior to injury, which shall be determined in the pending proceeding."

Their basic agreement was entered into before the enactment of the statute in question. As pointed out in the Kelsey opinion, supra, no fee was fixed in the final award. In that case we held this court had no jurisdiction on certiorari to require the Commission to take affirmative action.

2. In response to the above demand—no formal hearing having been requested—the Commission on August 4, 1955, entered an order wherein it found that $750 was a just and reasonable fee for the services rendered by petitioner McCluskey, and it was ordered that said sum be paid forthwith to him and charged against and deducted from the amount of compensation theretofore accrued under said award.

3. The petitioner promptly filed an application for rehearing wherein it was alleged that the fee fixed "was unjust, unreasonable and inadequate". In an effort to clarify and narrow the issues, letters were exchanged between petitioner McCluskey and chief counsel for the Commission, which are included in the record before us. Petitioner therein stated that the application presented only questions of law and that he had no other evidence to submit.

4. The Commission thereafter entered an order on rehearing affirming its decision of August 4, 1955.

5. Petition for certiorari was filed on October 7, 1955; the writ issued, a response was made by the Commission, and its complete file, insofar as the attorney's fees are concerned, is now before us.

■ As we interpret this statute which makes provision for the payment of an attorney's fee, Sec. 23–1069, A.R.S. 1956, the legislature intended that the Commission should—after a hearing, if one was requested—fix a fee and incorporate it in the final award entered in the case before it. We understand from the briefs that such is the practice now followed by the Commission since our decision in the Kelsey case, supra. Notwithstanding the contrary practice theretofore followed by it we are of the opinion that following receipt of our mandate in the Kelsey case the Commission had jurisdiction to enter the order of August 4, 1955 fixing attorney McCluskey's fee. It is our view that this "Order" in legal effect was a supplemental amended "Award", and therefore is reviewable by certiorari. Cf. Gashette v. Industrial Commission, 80 Ariz. 5, 291 P.2d 783.

■ Petitioner in some eight assignments of error and twenty-two propositions of law, seemingly attempts to have determined on this review practically the entire scope and operation of the compensation law so far as it applies to the fixing of attorneys' fees. It would be dicta for us to make any pronouncement on matters unnecessary to a determination of the instant review. We therefore decline to accept the invitation to depart so far upon unchartered waters, leaving such other problems as may be embraced within the statutory provisions to be decided when actual cases raise such issues.

Petitioner in his brief urges that:

"Primarily, the issues brought here are to determine the constitutional rights of a workman under the Compensation Law to retain counsel, on a contingent fee basis, to be paid from

an award * * *; secondly, the rights of members of the Bar * * * to rely upon contingent fee contracts made within the statutes, which are satisfactory to the claimant and the attorney; thirdly, the rights of both workmen and their attorneys, as a matter of due process, under the Constitution to make contingent fee contracts, and to have the same enforced."

In pointing out that these issues are much broader than the real question before us, the Commission advances this proposition of law:

"Section 56–972a, A.C.A.1939, does not confer jurisdiction on the Industrial Commission of Arizona to adjudicate or enforce contractual rights of parties to alleged contingent fee contracts",

and by way of argument it asserts that the statute in question merely confers the duty—under certain circumstances—to fix and allow an attorney's fee to attorneys who have performed services reasonably necessary to the processing of the claim and to pay the same out of the compensation awarded in installments or otherwise. This power it maintains infers the use of judgment and discretion on the part of respondent in fixing the fee.

We are of the opinion that the determinative question here presented may more properly be stated as follows: In fixing a reasonable attorney's fee, upon request of the attorney or the claimant, to be payable out of an Industrial Commission award pursuant to Chapter 112, Laws 1953 (now Section 23–1069, A.R.S. 1956), is the Commission bound by the terms of a prior agreement between the attorney and the claimant?

■ Before addressing ourselves to answering this question a further matter of procedure should be determined. It will be noted that the Commission, in fixing the attorney fee, not only ignored the agreement of the parties but without the taking of any testimony decided that the sum of $750 was a reasonable fee for petitioner's services rendered in the processing of the Kelsey claim. Did it have the right to thus determine the amount? Aside from the agreement angle, which will be later discussed, we believe that where, as here, no request to hear evidence on the matter is made, the Commission is empowered under the Act in the first instance to fix an attorney's fee from an examination of the file before them and their knowledge of the value of the services rendered by the attorney. A clear discussion of considerations governing fixing of fees may be found in Hanna, "The Law of Employee Injuries and Workmen's Compensation", Vol. 1, Ch. 16, pp. 326–330. Cf. Annotation Workmen's Compensation—Attorneys' Fees, 159 A.L.R. 912. However, having fixed an amount, if the attorney then makes timely application for rehearing on the ground that the amount fixed was unjust, inadequate or unreasonable, it would constitute lack of procedural due process not to grant

260

an opportunity for the presentation of evidence on the question. See, Thatcher v. Industrial Commission, 115 Utah 568, 207 P. 2d 178. Cf. Warrenberg v. Cline, 108 Colo. 179, 114 P.2d 302; Cline v. Warrenberg, 109 Colo. 497, 126 P.2d 1030. In the instant case no such problem is presented because after having filed application for rehearing (which the Commission was evidently ready and willing to grant) petitioner in effect waived the right to a rehearing and elected to stand, as a matter of law, upon the written agreement with Kelsey. The legal effect of such waiver is to remove the issue of the reasonableness of the Commission's figure, and leave only the question set forth above.

 Coming now to this decisive question, it is at once apparent that its determination must be based upon the legislative intent in the enactment of the statute, supra. This section does not grant the Commission the power and duty to fix attorneys' fees in all cases coming before it. Its jurisdiction is limited to those cases wherein it has been *requested* to step in and fix a fee. The attorney may agree upon a fee with his client, subject only to the limitations generally imposed upon any attorney as prescribed by the ethics of the profession, or else he or his client may apply to the Commission asking that a reasonable fee be fixed, to be paid out of the award. It is only in the latter instance that the Commission has jurisdiction over the fees to be fixed and allowed for the services

rendered, and only then may the attorney fee be deducted from the award and paid directly to the attorney. Thus the possible advantage of freedom of contractual action under the former method must be measured against the obvious advantage of the latter in securing direct payment out of the award itself—i. e., a choice between control of the size of fee and certainty of payment.

This does not deny the attorney the right to contract with his client, but merely denies him the right to use the Commission as a tribunal to enforce payment thereof. Certainly the courts would still be open for enforcement of any rights thereunder, if he chooses to ignore the benefits of the statute.

 Once the choice is made, and jurisdiction vested in the Commission to fix the attorney's fee, then as we have said of the statute in the Kelsey case [79 Ariz. 191, 286 P.2d 198]:

"Under its provisions the Commission, upon application therefor, is *required* to fix *a reasonable fee* for services *'reasonably necessary'* * * *."

The setting of such a fee is thus made a mandatory act upon the Commission, but the amount to be allowed is placed within its sound discretion. In the exercise of this discretion it cannot be arbitrary and unreasonable, but no other limitation is placed upon it.

In our opinion the plain language of the statute lends itself to only one interpretation, namely that once having invoked the jurisdiction of the Commission to fix the attorney's fee, its power is not thereafter circumscribed by prior contractual arrangements between the attorney and claimant. The Commission may find that the prior agreement is just and reasonable, and fix a fee commensurate therewith, but under the statute it is not bound to do so.

While a "contingent fee" contract based upon an increase in the award attributable to counsel's efforts might serve as a guide, we hold it is in nowise controlling upon the Commission nor is it bound to accept or enforce such contract. Annotation—Workmen's Compensation—Attorneys' fees, 159 A.L.R. 929. Furthermore, it is our interpretation of the statute that the legislature intended that in fixing the attorney's fee it should be for a *sum certain* rather than some percentage of the increase obtained payable for the duration of the award. Thus the Commission had the power to fix the fee herein at a figure which it considered represented the reasonable value of petitioner's services. Whether in fact this was a reasonable fee in the instant case was foreclosed on review by petitioner's determination to stand upon the agreement and forego the right to a rehearing. We note that there were sufficient funds due Kelsey still in the hands of the Commission to enable it to pay the attorney in full. Had not this favorable condition existed the Commission under the statute would then have been empowered to "provide for the payment thereof out of the award, in installments or otherwise * * *".

Perceiving no error in the record the supplemental award fixing petitioner's fee is affirmed.

Award affirmed.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.