381 So.2d 336 (1980)
EAST COAST TIRE COMPANY and the Home Insurance CO., Appellants,
v.
Charlie J. DENMARK, Appellee.
No. PP-482.
District Court of Appeal of Florida, First District.
March 25, 1980.
*337 Robert C. Cooper, of Cooper & Rissman, Orlando, for appellants.
Edward H. Hurt, and Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellee.
PER CURIAM.
The employer/carrier appeals a worker's compensation order entered October 17, 1979, approving a retainer agreement between the claimant and his attorney. Standing to appeal is based on the fact that the appellant carrier is required to control the method of payment. The appeal presents issues of first impression and requires judicial construction of § 440.34, Fla. Stat. (1979).
Claimant was injured on September 12, 1979, and consulted and retained counsel on September 28, 1979. A claim was filed for compensation at a rate higher than that at which temporary disability benefits had already been furnished, and the carrier scheduled claimant's deposition. On those facts, without other evidence, the order now appealed was entered, requiring appellant/carrier to retain and pay periodically to claimant's attorney a percentage of "all monies paid to the claimant."
Appellants contend that the order imposing that burden on them should be reversed on several grounds: (1) it is premature and void under § 440.34(1), Fla. Stat., because it approves a fee agreement "in advance of the prosecution of the claim and the obtention of benefits"; (2) the contract should not have been approved because the fee was excessive and illegal; (3) the contract violates public policy because it makes no distinction as to benefits not in controversy on which the percentage fee is based; and (4) the statute does not provide or permit the order's provision for continuing administrative duties by the appellant carrier in remitting fees to the attorney. We reverse on grounds 2 and 4, and on point 1 our construction of § 440.34(1) rejects both appellee's contention that it is inapplicable and appellants' contention that it forbids approval *338 of any fee agreement before successful prosecution of a claim. We find no necessity for treatment of the policy argument on point 3, and remand for further proceedings in compliance with our construction of the statute.
Section 440.34(2), Fla. Stat. (1979), now provides that "a claimant shall be responsible for the payment of his own attorney's fees" except in three specific instances not affecting the issue in this case. Another subsection also provides a misdemeanor penalty for any person who "receives any fees ... unless such consideration ... is approved by the deputy commissioner." § 440.34(4). The 1979 legislative act repealed the former provision of § 440.34(2) that "in awarding a reasonable attorney's fee, the judge ... shall consider only that portion of the award to the claimant that the attorney is responsible for securing." It also repealed the specific requirement for "the successful prosecution of the claim" by an attorney claiming a fee. Section 440.34(1) now states:
No fee ... shall be paid for services rendered for a claimant in connection with any proceedings arising under this chapter, unless approved as reasonable by the deputy commissioner ... Except as provided by this subsection, any attorney's fee approved by a deputy commissioner shall be equal to 25 percent of the first $5,000 of the amount of the benefits secured, 20 percent of the next $5,000 of the amount of the benefits secured, and 15 percent of the remaining amount of the benefits secured. However, the deputy commissioner shall consider the following factors in each case and may increase or decrease the attorney's fee if in his judgment the circumstances of the particular case warrant such action:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(b) The likelihood, if apparent to the claimant, that the acceptance of the particular employment will preclude employment of the lawyer by others or cause antagonisms with other clients.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the benefits resulting to the claimant.
(e) The time limitation imposed by the claimant or the circumstances.
(f) The nature and length of the professional relationship with the claimant.
(g) The experience, reputation, and ability of the lawyer or lawyers performing services.
(h) The contingency or certainty of a fee. (emphasis supplied)
Prior to 1977, § 440.34(1), Fla. Stat., provided that in certain circumstances, if the claimant "shall have employed an attorney at law in the successful prosecution of the claim, there shall, in addition to the award for compensation, be awarded reasonable attorney's fee, to be approved by the judge of industrial claims ..." and paid by employer/carrier. The statute itself did not provide any standards to aid the judge in his determination of reasonableness. However, Lee Engineering & Construction v. Fellows, 209 So.2d 454 (Fla. 1968), enunciated certain criteria to be considered; the amount of the benefits obtained constituted the foundation of the fee, but the various other Lee Engineering criteria were also relevant considerations. Leaks v. National Pulpwood Corp., 9 FCR 189 (1975), cert. denied, 325 So.2d 6 (Fla. 1975). Compare Dept. of Commerce v. Fields, IRC Order 2-3140 (April 21, 1977), with Sherrill v. McKenzie Trust, IRC Order 2-3127 (March 22, 1977). And as to the benefits considered, the percentage fee was to be predicated only on those benefits obtained through the efforts of the claimant's attorney. C.E. Domes Construction Co. v. Hilaire, IRC Order 2-3096 (Jan. 27, 1977). In 1977 the legislature amended § 440.34(1) so as to codify the various Lee Engineering criteria, followed by amendment in 1978 to visit 25% of the fee upon claimant, and amendment in 1979 as above set forth.
The claimant and attorney are now clearly free to enter into a fee agreement at *339 any time; § 440.34(1), Fla. Stat. (1979), merely requires approval of the agreement upon payment. Unlike the prior statute, § 440.34(1), Fla. Stat. (1979) relates to "any attorney's fee approved" and omits the former restriction to fees awarded upon the "successful prosecution of the claim." Such a substantive omission is presumed intended to alter the statutory meaning. See Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977). While § 440.34(2), Fla. Stat. (1979), provides for the assessment of costs "[i]f the claimant should prevail in any proceedings," this requirement is explicitly not applicable to attorney's fees. Since a rule that fees are payable under contract only if "the claimant should prevail" would be in derogation of the common law, we must conclude that the claimant need not "prevail," and approval of a fee payable by claimant is not dependent upon "the successful prosecution of the claim."
While the order on appeal recites consideration of subsection (1) above quoted, no evidence was presented on the pertinent factors and the order makes no findings on such factors. The record also reflects the deputy's stated view that although "they put in the guidelines and the Lee Engineering [Lee Engineering & Construction v. Fellows, 209 So.2d 454 (Fla. 1968)] factors, in my mind that pertains to a contingent fee basis rather than a contractual fee basis and would apply only where the exceptions under (2) ... 440.34(2) are applicable [to require a fee payable by carrier]." That is also the position argued by appellee in defense of the order. We are unable to accept this view that subsection (1) does not apply to determine whether contract fees are reasonable, because that section expressly governs "any attorney's fee approved" for "services rendered for a claimant in connection with any proceedings arising under this chapter."
We agree, however, with the deputy's apparent conclusion that the fee agreement before him was one for services in connection with proceedings arising under Chapter 440, Fla. Stat., and that the statute as noted above no longer requires the successful prosecution of a claim before a fee is approved. It is reasonable also to conclude that "benefits" need no longer refer only to controverted monetary compensation benefits obtained by completing a successful prosecution of a claim. Instead, for example, the consideration of "benefits resulting to the claimant" under factor (1)(d) of the statute may encompass benefits, monetary or otherwise, reasonably accruing to a claimant who seeks legal advice on his rights under the statute. We do not reach the question of whether a fee for such service might be measured on any basis other than time required.
In the present case, the deputy commissioner approved the retainer agreement fixing an attorney's fee "in the amount of 20% of the first $10,000.00 of any and all compensation benefits paid... and 15% of any and all compensation paid . . in excess of $10,000.00." Even under the former law, an interim fee could be awarded before all the "benefits secured" were ascertainable. Perez v. Carillon Hotel, 272 So.2d 488 (Fla. 1972); Tampa Aluminum Products Co. v. Watts, 132 So.2d 414 (Fla. 1960). However, consideration of the various § 440.34(1), Fla. Stat. (1979), criteria suggests that the blanket agreement in the present case is speculative and unreasonable in view of the minimal services thus far provided. We also note the apparent impropriety of the agreement's measurement of the fee by a share of "any and all compensation benefits" paid, rather than those in connection with which the attorney's services had been or would be rendered.
The language from the former statute remaining in § 440.34(1) with respect to the presumptive scale for percentage fees, based on the "amount of the benefits secured," is now preceded by the words "Except as provided by this subsection, ..." The exceptions are the prescribed factors designated (a) through (h) by which a fee may be either increased or decreased from the standard percentage for "benefits secured," or increased above a zero level if specific monetary benefits are not yet "secured" at the time a fee agreement *340 is presented for approval. All of the relevant prescribed factors must be considered "in each case," but clearly there is no intent that every fee agreement must in fact involve every factor. The reference in paragraph (d) to consideration of the amount in "controversy" would (along with many other listed factors) clearly be pertinent to the agreement in question here, which at the time of the hearing apparently involved a claim for an increase in compensation rate. Equally clear, however, is the fact that the amount of the fee approved in this case was not determined by applying statutory standards, and reversal is required for performance of that duty by the deputy.
Neither is the amount of the agreed fee substantiated by the Code of Professional Responsibility for attorneys in Florida EC2-19, cited by appellee, even if we assume its applicability. But implicit in our application of § 440.34(1), supra, is a rejection of appellee's argument that the revision was intended to require resort to the Code to determine a reasonable claimant's contract attorney fee, while retaining the statutory framework solely for fees paid by carriers. Our conclusion instead is that the prescribed factors, to the extent that circumstances permit, shall apply to "any attorney's fee approved" as the new language requires (e.s.). Evidence on those factors should provide some basis for determining whether a fee agreement is reasonable for past or future services, to the extent such can be predicted and a measure of payment defined. See Lee Engineering, supra; Florida Silica Sand Co. v. Parker, 118 So.2d 2 (Fla. 1960).
Because the agreement in this case must be reconsidered on remand, and because further evidence may be submitted in compliance with the statutory standards, we do not determine the extent of the fee which might be approved in the present case. However, nothing in the statute compels limitation of approval to agreements for services already performed. To imply that limitation for a claimant's contract attorney fees over a period of time would unnecessarily result in multiple fee hearings and the unreasonable requirement of full performance of a contract for fees before any opportunity for an attorney to know if the contract will be approved. The language of the statute provides no basis for such a limitation, but would instead permit approval of contracts for future services under a fee formula properly based on the prescribed factors, as for example an agreed rate per hour of legal service contemplated or a share in the value of results ultimately achieved by the attorney.
We find no necessity for disposition of appellee's various constitutional contentions with respect to a right to counsel, except to observe that our construction of the statute would appear to afford some protection of those rights. See Holt v. Commonwealth of Virginia, 381 U.S. 131, 85 S.Ct. 1375, 14 L.Ed.2d 290 (1965); Cash v. Culver, 120 So.2d 590 (Fla. 1960); Florida Silica Sand Co. v. Parker, 118 So.2d 2 (Fla. 1960); Thatcher v. Industrial Commission, 115 Utah 568, 207 P.2d 178 (1949); Prudential Insurance Co. of America v. Small Claims Court of City and County of San Francisco, 76 Cal. App.2d 376, 173 P.2d 38 (1946); Cline v. Warrenberg, 109 Colo. 497, 126 P.2d 1030 (1942).
However inconvenient the results may be, we are unable to read into the provision for a lien "upon compensation payable to the claimant," § 440.34(3), Fla. Stat., any authority for the continuing duties required from the appellant carrier under the order appealed. The lien may be protected by providing for periodic payments of compensation jointly to claimant and counsel to whatever extent necessary to secure payment of any fees found to be reasonable, or by other means involving minimal burden.
The order is reversed and the cause remanded for further proceedings consistent herewith.
SHAW and WENTWORTH, JJ., concur.
ERVIN, J., concurs and dissents.
*341 ERVIN, Judge, concurring and dissenting.
I concur in the majority's opinion that this case must be reversed because the deputy commissioner's approval of a retainer agreement, obligating claimant to pay an attorney's fee based upon a percentage amount of certain compensation benefits paid claimant, is not supported by evidence showing the fee reasonable. I agree also with the majority's opinion that Section 440.34(1), Florida Statutes (1979), does not require, as did its predecessor, that a fee award be conditioned upon the claim's successful prosecution. Finally, I agree that the burden for payment of fees has been transferred from the nonprevailing party to the claimant. I disagree, however, with the majority's interpretation that the statute permits a commissioner to enter a final order approving in advance a fee contract when no benefits have as yet been secured the claimant through the intervention of his attorney.
A fair reading of the statute, in my view, compels the conclusion that whether or not a claimant successfully prosecutes a claim, attorney's fees may be approved only if the attorney aids his client in obtaining benefits which were not furnished before the attorney's involvement. Chapter 440 obviously contemplates many instances whereby a lawyer may secure benefits to his client without the necessity for prosecuting the claim to its successful conclusion; yet, without evidence showing that the attorney secured benefits not voluntarily furnished by the employer/carrier, I fail to see how a fee award can be approved as reasonable.
I do not consider unreasonable a statutory construction permitting interim orders approving partial fees for benefits already secured by the claimant's attorney, nor do I interpret the statute as precluding an attorney and his client, in doubt about the reasonableness of the fee agreed upon, from requesting conditional approval of the contemplated fee and later seeking final approval once benefits have been secured. In the present case, though, the deputy would be unable on remand to make any final determination from this record that the fee contract is reasonable. As observed by the majority, the lawyer's services were minimal, and the only benefits provided the claimant were those volunteered by the employer/carrier. Perhaps on remand the attorney may be able to present evidence showing how his efforts accomplished benefits to his client not already furnished by the carrier. Until he makes such showing, however, the deputy commissioner in my view is simply unable to determine the reasonableness of the contract fee, which requires the client to pay the fee regardless of whether the lawyer's efforts obtained benefits for the client.
To summarize: Until benefits have been secured, no fee contract can be unconditionally and finally approved as reasonable. I would reverse the order entered without prejudice to the attorney's right to present evidence at a later hearing showing how he secured benefits to his client.