PER CURIAM.
Employer/carrier appeal a workers’ compensation order approving claimant’s retainer agreement with her attorney and further ordering the employer/carrier to retain and pay the claimant’s attorney specific percentages of all moneys paid to the claimant. We reverse.
Claimant allegedly sustained an industrial accident while working for the employer on October 28, 1979. Following the accident, she contacted an attorney and entered into a retainer agreement for prosecuting her claim. Pursuant to Section 440.34(1), Fla.Stat. (1979), a hearing was held and the order now appealed was entered, approving the retainer agreement. Additionally, the order required the employer/carrier to retain and periodically pay to claimant’s attorney specific percentages of any and all moneys due the claimant.
The deputy commissioner was without authority to require the employer/carrier to withhold money due the claimant and to periodically pay claimant’s attorney. East Coast Tire Company v. Denmark, 381 So.2d 336 (Fla. 1st DCA 1980). Section 440.34, Fla.Stat. (1979), does not provide any authority for the continuing duties required from the employer/carrier under the order appealed.
Therefore, the order is reversed and the case is remanded for further proceedings consistent with this opinion.
McCORD, SHIVERS and JOANOS, JJ., concur.