JOANOS, Judge.
Appellant Munford, Inc. appeals an order of the deputy commissioner which was issued shortly after the claim was filed approving a retainer agreement between a workers’ compensation claimant and his attorney. The agreement provided that the claimant was to pay his attorney 20% of the first $10,000 of compensation benefits and 15% of any excess. The fee was to be a lien on compensation benefits and the claimant agreed to direct his employer, Munford, Inc., to withhold and pay to the attorney those percentage amounts from “any and all compensation” paid to claimant. The Order approved this agreement and required Munford, Inc. to retain and hold those amounts from “any and all monies paid to the claimant” for the benefit of claimant’s attorney. We reverse on the authority of East Coast Tire Co. v. Denmark, 381 So.2d 336 (Fla. 1st DCA 1980).
In Denmark, this Court disapproved an identical retainer agreement. Although we stated that § 440.34, Florida Statutes, does not require successful prosecution of a claim or performance of legal services before a fee is approved, the deputy commissioner is not relieved from considering the statutory standards in determining the amount of the award. As in Denmark, the minimal services provided at the time the agreement was approved suggest that “the blanket agreement ... is speculative and unreasonable” in light of the statutory criteria. 381 So.2d at 339. This Court also noted the apparent impropriety of basing the fee award on “any and all compensation received” rather than those benefits for which legal services had been or would be rendered.
Finally, the Order’s provision requiring the appellant/employer to retain and pay to the claimant’s attorney a certain percentage from “all monies paid to claimant” is invalid under Denmark. Section 440.34(3) does not authorize such continuing duties upon the employer or its carrier.
REVERSED.
McCORD and SHIVERS, JJ., concur.