396 So.2d 832 (1981)
WEKIWA CONCRETE et al., Appellants,
v.
Virgil REDDICK, Appellee.
No. VV-399.
District Court of Appeal of Florida, First District.
April 8, 1981.
Bernard J. Zimmerman and William G. Berzak of Akerman, Senterfitt & Eidson, Orlando, for appellants.
*833 Thomas R. Mooney of Meyers, Mooney & Adler, P.A., Orlando, for appellee.
PER CURIAM.
In this worker's compensation appeal, appellants contend the deputy commissioner erred in finding them liable to claimant's attorney for a reasonable fee because of their failure to protect the attorney's statutory lien under Section 440.34(3), Florida Statutes (1979). We reverse.
On November 20, 1979, claimant's attorney notified the carrier that he had been retained to represent the claimant and requested the carrier to send all compensation checks to his office, payable to the claimant and the firm, pursuant to his lien rights under Section 440.34(3). On December 5, 1979, the carrier requested the attorney to forward written instructions from the claimant authorizing this procedure. The carrier also inquired as to whether the deputy commissioner had entered an order approving the fee. On December 11th, claimant's attorney sent a copy of his contract for representation, signed by the claimant. It authorized the carrier to pay the firm and stated that to the extent the firm was not reimbursed by the carrier, the claimant would pay such costs. In an order of February 28, 1980, the deputy commissioner approved the retainer agreement and ordered the carrier to include the name of the attorney on future payments of compensation. The carrier complied with this request commencing with compensation benefits payable February 15 through February 28. However, the order now appealed awarded an attorney's fee against the carrier, limited only by the amount of compensation paid after approximately November 20, 1979, until February 15, 1980.
The carrier's major contention, and the one with which we agree, is that it had no obligation to make checks payable to the claimant and the attorney until the deputy commissioner entered an order approving of the retainer agreement. Section 440.34(3) does not outline a procedure for enforcing the lien, but rather, provides that:
In such cases where the claimant is responsible for the payment of his attorney's fees, such fees shall be a lien upon compensation payable to the claimant, notwithstanding the provisions of s. 440.22.
Plainly, it is a prerequisite for a lien that the case be one where the claimant is responsible for paying his own attorney's fees. Although in most cases a claimant will be responsible for payment, some exceptions cannot be determined until after a claimant prevails on a designated claim. Section 440.34(2)(a), (c) Fla. Stat. (1979). However, in a "bad faith" case, this may involve any type of claim. Section 440.34(2)(b) Fla. Stat. (1979). Therefore, it is clear that an attorney is not automatically entitled to a lien on compensation for merely representing the claimant. Essentially, the attorney here requested protection of a potential lien in his November letter. However, we refuse to put the carrier in the position of having to forecast or to further investigate the validity of a claimed lien. Rather, we find it necessary that the claimant's attorney obtain an order from the deputy approving the fee agreement and providing a method for enforcing the lien by means involving minimal burden.
This court has previously assumed that requiring such an order is the proper method of enforcing the attorney's lien. In East Coast Tire Co. v. Denmark, 381 So.2d 336 (Fla. 1st DCA 1980), this court reviewed the employer/carrier's appeal of a compensation order approving a retainer agreement which also required appellant carrier to control the method of payment. We stated: "The lien may be protected by providing for periodic payments of compensation jointly to claimant and counsel to whatever extent necessary to secure payment of any fees found to be reasonable, or by other means involving minimal burden." 381 So.2d at 340.
We disagree with appellee's assertion that following the above procedure will effectively deny an attorney his lien. As noted in East Coast Tire Co., supra, services need not be fully rendered in order to have a retainer agreement approved as reasonable. *834 Here, claimant's attorney could have sought earlier approval of his fee arrangement. This would have safeguarded the interests of the carrier, claimant's attorney, and the claimant. In this regard, the statutory scheme of Chapter 440 protects the claimant from unreasonable retainer agreements or fees by providing that at the hearing level, no fee may be paid until it is approved by the deputy commissioner as reasonable. Section 440.34(1), Fla. Stat. (1979). Further, holding the amount in trust doesn't change the result. Although it is argued that a portion of the compensation may be held in trust until the actual fee is approved as reasonable, the fact remains that this diminishes the claimant's necessary minimum living funds. It appears that Chapter 440 was designed to carefully control any such reduction in payment.[1] Therefore, we hold that a carrier or employer is not obligated to send compensation checks to claimant's attorney or to make them jointly payable to claimant's attorney and the claimant until the deputy commissioner or court having jurisdiction approves a fee as reasonable and directs the manner of enforcing the statutory lien.
Finally, as noted by appellants, the retainer agreement appears to be improper in that it allows the attorney a percentage of "any and all compensation" paid to the claimant. The fee award should be based upon a percentage of the benefits secured adjusted by consideration of the factors as provided in Section 440.34(1). Munford Inc. v. Wirick, 392 So.2d 377 (Fla. 1st DCA 1981); East Coast Tire Company v. Denmark, supra. Also, it is clear that voluntary and timely payment of additional benefits by the employer/carrier, after unsuccessfully defending the payment of benefits in the earlier stages of the case, is not to be viewed as a financial bonanza for claimants' attorneys. International Paper Co. v. McKinney, 384 So.2d 645 (Fla. 1980); Moss v. Keller Industries, Inc., 393 So.2d 574 (Fla. 1st DCA 1981).
Accordingly, the deputy commissioner's order holding appellants responsible for payment of a reasonable fee to claimant's attorney is reversed, and the cause is remanded for proceedings to reconsider the approval of the retainer agreement in light of the aforementioned cases.
SHIVERS, SHAW and THOMPSON, JJ., concur.
NOTES
[1] See Samaha v. State, 389 So.2d 639 (Fla. 1980), upholding the constitutionality of Section 440.34(5)(a), Florida Statutes (1977) (now Section 440.34(4)(a), Florida Statutes (1979)) and explaining the policy exemplified by making it unlawful for an attorney to receive a fee until it is approved.

[T]he award of fees and the amount thereof must be determined with reference to the rights and equities of the employer, the insurance carrier, and the claimant... . Since a workmen's compensation claimant's benefits are limited, allowing an attorney or other person to obtain a portion thereof from a claimant, particularly when it is a substantial sum, would thwart the public policy of affording the claimant necessary minimum living funds and cast the burden of support for that person on society generally.
There are other statutes which seem geared to protect claimant's right to compensation. Not only does Section 440.34(4)(a) make it a crime for an attorney to receive a fee without approval, but the carrier/employer is required by Section 440.20(1), Florida Statutes (1979) to make payment of compensation directly to the person entitled thereto. Finally, under normal circumstances, no assignment of compensation is valid. Section 440.22, Fla. Stat. (1979).