433 So.2d 41 (1983)
Leonard D. ZARAHN, Appellant,
v.
CITY OF MILTON, Appellee.
No. AO-173.
District Court of Appeal of Florida, First District.
June 17, 1983.
John L. Myrick of Kinsey, Myrick & Troxel, Pensacola, for appellant.
Roy V. Andrews of Lindsay, Andrews & Arnold, Milton, for appellee.
BOOTH, Judge.
Claimant appeals the order of the deputy commissioner denying his application for a $13,050 advancement of benefits pursuant to Section 440.20(13), Florida Statutes. The advancement was requested for the purpose of having the employer pay, and claimant's attorney receive, in a lump sum, the attorney's fee,[1] the amount of which had previously been determined by the deputy.
The employer, City of Milton, opposed the application.
Section 440.20(13)(d) provides, in pertinent part, that:
(d) When an application for an advance payment in excess of $2,000 is opposed by the employer or carrier, it shall be heard by a deputy commissioner after giving the interested parties not less than 10 days notice of such hearing by mail... . In his discretion, the deputy commissioner may have an investigation of the matter made by the Rehabilitation Section of the division... . If the deputy commissioner finds that such advance payment is for the best interest of the person entitled to compensation, will not materially prejudice the rights of the employer and carrier, and is reasonable under the circumstances of the case, he may order the same paid.
*42 The claimant testified that he would not be benefited by an advance of money to pay his attorney, and the City of Milton, who had elected self-insured status, offered testimony tending to show that its budget did not include lump-sum as opposed to periodic workers' compensation payments, and that it did not have $13,050 which was not already budgeted for another purpose. The deputy commissioner denied the application for advancement upon finding that:
7... . [T]here is simply no evidence that it would be in claimant's best interest to receive an advance of $13,050 to pay his attorney. No doubt, it would be in his attorney's best interest, but the statute does not provide for such a consideration. On the other hand, the evidence shows that the City of Milton, self-insured, at the time of the claimant's accident and having failed to budget for the inevitability of liability of injured employees, would be materially prejudiced if such an advance is ordered.
The findings of the deputy commissioner on application for advance payment of compensation should not be disturbed unless he has abused his discretion or unless there is no competent, substantial evidence to support his order. Herndon v. City of Miami, 224 So.2d 681 (Fla. 1969). Applying the rule set forth in the Herndon case, we affirm.
In his brief, counsel for appellant also questions the deputy commissioner's authority to limit counsel to withholding only 25 percent of the claimant's monthly benefits until the entire fee is paid.[2] Citing to Section 440.34(4), Florida Statutes, which provides that "in such cases where the claimant is responsible for the payment of his own attorney's fees, such fees shall be a lien upon compensation payable to the claimant," counsel for claimant contends he is permitted to obtain 100 percent of claimant's monthly benefits until the entire fee is paid. This would result in claimant's being without any compensation benefits whatsoever for approximately two and one-half years. Such an interpretation would thwart "the public policy of affording the claimant necessary minimum living funds and cast the burden of support for that person on society generally." See, Samaha v. State, 389 So.2d 639 (Fla. 1980).
In order to enforce his right to the statutory lien, it is incumbent upon counsel to obtain an order from the deputy commissioner approving the fee or fee arrangement as reasonable under Section 440.34(1), Florida Statutes, and directing the manner of enforcing the lien. See, Wekiwa Concret v. Reddick, 396 So.2d 832 (Fla. 1st DCA 1981). The deputy commissioner's authority to approve the fee arrangement and direct the manner of enforcing the statutory lien includes the power to determine the method by which payment of fees should be made.
Accordingly, the order of the deputy commissioner denying claimant's application for advancement for the purpose of paying his attorney in a lump sum and directing the manner in which the fee is to be paid in the event counsel and claimant are unable to reach satisfactory arrangements is affirmed.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] This opinion should not be construed as deciding whether advancement of benefits pursuant to Section 440.20(13) is the proper vehicle for the purpose sought by claimant's counsel herein.
[2] At the hearing on the petition for advancement, counsel himself suggested that he takes only 25 percent of each monthly check toward payment of his fee.