ERVIN, Judge,
dissenting.
I dissent. The rule is clear that we should not disturb an order directing a partial lump sum advance to a claimant, unless the deputy has abused his discretion, or unless there is no competent, substantial evidence to support the order. *1294 Zarahn v. Milton, 433 So.2d 41 (Fla. 1st DCA 1983). I find the order on review affirmable on both counts. The majority takes exception to the partial advance on several grounds: one being that the cost to build an addition to claimant’s home would only be $15,000, yet the sum ordered to be advanced was $46,701, and the remainder of that sum, after deducting the costs of the home improvement, would be used to purchase certificates of deposits, which, based upon market interest rates prevailing at the time of review, would not yield the amount of interest income available at the time of the hearing before the deputy.
The difficulty of reviewing any compensation order approving a lump sum advance, based upon market interest rates available at the time a claim is in litigation at the trial level, is that the rates have practically always changed by the time of review. Any such variation, however, should never be a factor in our determination of whether the evidence presented before the deputy sustains a compensation award. The record before us clearly supports the deputy’s decision. The financial plan prepared by claimant’s expert, and admitted into evidence without objection, discloses that five-year certificates of deposits then yielded a return of 10.17 percent annually. The fact that an appellant is unable to avail himself of a rate no longer in existence cannot be attributed to his own inactivity for the simple reason that the employer’s appeal by operation of law ordinarily suspends the payment of compensation benefits.
The majority’s opinion seems to fault the advance approved because other alternatives — such as an advance for the home addition only, or a loan for the amount of the addition — were not ordered or clearly shown in the record why they were not considered. Surely the failure to consider alternatives cannot be the basis for deciding that the lump sum advanced represents an abuse of discretion. We are required to confine our inquiry to the the order before us and the record supporting it. Whether other avenues might seem preferable to the course chosen by the deputy is not a cause for appellate incursion into what otherwise appears to be a proper exercise of the trier of facts’ discretion.
The evidence before the deputy at the time of the entry of the order supports the finding that the advance is in the claimant’s best interest, on the grounds that it would give him and his family increased spending power, as well as greater living space within the home by reason of the proposed addition to the home. While alleviation of hardship to the employee and his family is not by itself a legally sufficient reason for an advance payment, when considered together with other circumstances, such as the fact that it would place the employee in “a better short-term financial condition”, Buono v. City of Riviera Beach, 484 So.2d 50, 52 (Fla. 1st DCA 1986), it may be regarded as a valid basis for approval of the requested advancement. Moreover, there is nothing in the record suggesting that the claimant is a spendthrift. Indeed, as found by the deputy, he has demonstrated his ability to manage his financial affairs by refinancing a mortgage into an amount more than double that of the former, while paying out no greater monthly sums on the present mortgage than he had on the old.
The question of attorney’s fees is simply not pertinent to a review of the order on appeal. No portion of the funds to be advanced would be used to pay attorney’s fees. The question only arose when the deputy asked claimant’s counsel how claimant’s fees would be paid in the event the advance were approved, and counsel replied that he would work out the necessary arrangements with his client, subject to future approval by the deputy.
As to the majority’s decision that claimant presented no evidence to support the deputy’s finding that the partial lump sum advance would not affect claimant’s right to supplemental benefits, I agree with claimant that such finding is not dependent on an evidentiary predicate, but is rather a determination of law. This court has held only that washouts preclude a claimant from receiving supplemental benefits, and has never held that a partial advance has such effect. See Shipp v. Florida Work *1295 ers’ Compensation Trust Fund, 481 So.2d 76 (Fla. 1st DCA 1986), rev. dismissed, 488 So.2d 831 (Fla.1986).
The language of Section 440.15(l)(e)l, Florida Statutes, itself, pertaining to supplemental benefits, permits the payment of same in situations where “the liability of the employer has not been discharged under the provisions of s. 440.20(12)_” (e.s.) Clearly the payment of a partial advance cannot serve to discharge the employer from any further liability to provide the claimant with compensation benefits. The deputy’s interpretation of the statute is not inconsistent with its provisions.
As the claimant met his initial burden of satisfying the statutory criteria for a lump sum advance under Section 440.20(12), Florida Statutes, cf. Buono v. City of Riviera Beach, and no showing was made that the advance would materially prejudice the employer/ carrier, I would affirm the order on review.