BENTON, J.
Levine, Busch, Schnepper & Stein, P.A. (the firm), appeals the order of the judge of compensation claims dismissing its notices of hen, which were predicated on an order entered June 19, 1987, adopting the parties’ “Stipulation for Order on Attorney’s Fees.” We reverse.
Insofar as pertinent here, the stipulation adopted by the June 19,1987 order provided that the firm “shah be paid ... $5,000 by William Guzman [the claimant] representing his share of the attorney’s fee (25%).” The firm filed a notice of lien on September 27,1995, and a second notice of hen on May 9, 2001.
On October 23,1995, Mr. Levine and the firm ceased to represent Mr. Guzman, and the first of a series of successor counsel became attorney of record. On August 25, 2000, a “washout” settlement was negotiated pursuant to section 440.20(11), Florida Statutes (2000), subject to “resolution of the hen of the firm of Levine, Busch, Schnepper & Stein, P.A.”
When Travelers Insurance Company (Travelers) declined, on behalf of Pool Piling Enterprises, the claimant’s employer, to satisfy the firm’s hen from funds allocated for the washout settlement, the firm sought an order from the judge of compensation claims requiring that Travelers pay *1041 $5,000 directly to the firm on Mr. Guzman’s behalf, before disbursing the remaining funds to him. But, in the order under review, the judge of compensation claims denied the firm all relief and, on the judge’s own motion, struck the firm’s notices of hen.
By statute, a hen for attorney’s fees attaches to a claimant’s benefits whenever a judge of compensation claims determines that the claimant is responsible for attorney’s fees incurred in obtaining compensation benefits for the claimant. See § 440.34(4), Fla. Stat. (2002) (“In such cases in which the claimant is responsible for the payment of her or his own attorney’s fees, such fees are a hen upon compensation payable to the claimant ... ”). Since originally enacted as section 440.34(3), Florida Statutes (1979), the statutory language providing for creation of such hens has remained virtually unchanged.
The hen arises when the judge of compensation claims awards the fee. See Zarahn v. City of Milton, 433 So.2d 41, 42 (Fla. 1st DCA 1983) (“[T]o enforce his right to the statutory hen, it is incumbent upon counsel to obtain an order from the deputy commissioner approving the fee ... and directing the manner of enforcing the lien.”); Seminole Inn v. Ray, 408 So.2d 1061, 1063 (Fla. 1st DCA 1981) (“Even under the new attorney’s fee statute ... expressly providing for an attorney’s fee hen upon compensation payable to the claimant ... an employer/carrier are not obligated to send compensation checks jointly payable to the claimant and his attorney until the deputy commissioner has approved a reasonable fee.”). We held that an order was required in Wekiwa Concrete v. Reddick, 396 So.2d 832, 833 (Fla. 1st DCA 1981), saying that an “attorney is not automatically entitled to a hen on compensation for merely representing the claimant,” and directing counsel to “obtain an order from the deputy [now the judge of compensation claims] approving the fee agreement and providing a method for enforcing the hen by means involving minimal burden.”
A minimal burden determination is necessary, however, only where the fee owed must be paid from a series of periodic payments. See East Coast Tire Co. v. Denmark, 381 So.2d 336, 340 (Fla. 1st DCA 1980) (“The hen may be protected by providing for periodic payments of compensation jointly to claimant and counsel to whatever extent necessary to secure payment of any fees found to be reasonable, or by other means involving minimal burden.”). Such a determination assures that a maximal portion of periodic payments remains available to the injured employee for living expenses. See Zarahn, 433 So.2d at 42 (reversing order requiring that 100% of claimant’s monthly benefits be paid to an attorney until the entire fee was paid, in order not to thwart “‘the pubhc pohcy of affording the claimant necessary minimum living funds and cast the burden of support for that person on society generally’ ” (quoting Samaha v. State, 389 So.2d 639, 640 (Fla.1980))). At this juncture, however, the present case does not involve periodic payments.
Striking the notices of hen was error. The firm’s entitlement to an attorney’s fee is clear under the order entered on June 19, 1987. The amount of attorney’s fees is not in question. Cf. Wekiwa Concrete v. Reddick, 396 So.2d at 834. Not only are the claimant’s efforts to raise a laches defense for the first time on appeal procedurally foreclosed, they fail to address the fact that the claimant, not the firm, has benefitted from the substantial delay the firm has encountered in collecting fees due for its work. A judge of compensation claims cannot extinguish a *1042 lien that the statute grants. See generally Sun Bank v. Jakubowski, 583 So.2d 782, 783 (Fla. 5th DCA 1991) (“[W]here the right to file a lien is granted by statute, and the lien is filed in compliance with the statute, the court has no discretion to strike it”).
On remand, the judge of compensation claims may be able to induce satisfaction of the lien under section 440.24(4), Florida Statutes (2002). When a claimant has been ordered to pay attorney’s fees, “the judge of compensation claims may ... suspend payments due under [the employee’s] claim [on the merits] until the employee complies with [the attorney’s fee] order.” § 440.24(4), Fla. Stat. (2002).
The order under review is reversed, and the case is remanded for further proceedings consistent with this opinion.
BOOTH and POLSTON, JJ., concur.