858 So.2d 1227 (2003)
Silvia VALERIO, Appellant,
v.
LEE MEMORIAL HEALTH SYSTEMS, Appellee.
No. 1D02-1774.
District Court of Appeal of Florida, First District.
November 13, 2003.
Peter Burkert, Ft. Myers; and Bill McCabe, Longwood, for Appellant.
Scot E. Samis of Abbey, Adams, Byelick, Kiernan, Mueller & Lancaster, L.L.P., St. Petersburg; and Michele Guindon of Boydstun, Dabroski, Lyle & Wood, L.L.C., St. Petersburg, for Appellee.
PER CURIAM.
Appellant, Silvia Valerio, appeals an order of the Judge of Compensation Claims (JCC), which denied her motion to vacate. Pursuant to section 440.20(11)(c), Florida Statutes (2001), this court does not have jurisdiction to review this order, and we dismiss the appeal.
*1228 Valerio, while represented by counsel, entered into a settlement agreement with her employer, Appellee, Lee Memorial Health Systems, in order to settle a workers' compensation claim. On February 5, 2001, the JCC entered an order approving the attorney's fees portion of the agreement, as required by section 440.20(11)(c). Valerio subsequently became dissatisfied with the agreement, and moved to vacate the JCC's order approving the award of attorney's fees. The JCC entered an amended order on April 18, 2002, in which he found he did not have subject matter jurisdiction to consider Valerio's motion. Valerio filed a notice of appeal from the April 18, 2002, order.
Section 440.20(11)(c) provides in pertinent part:
[W]hen a claimant is represented by counsel, the claimant may waive all rights to any and all benefits under this chapter by entering into a settlement agreement releasing the employer and the carrier from liability for workers' compensation benefits in exchange for a lump-sum payment to the claimant. The settlement agreement requires approval by the judge of compensation claims only as to the attorney's fees paid to the claimant's attorney by the claimant.... Any order entered by a judge of compensation claims approving the attorney's fees as set out in the settlement under this subsection is not considered to be an award and is not subject to modification or review.
Because section 440.20(11)(c) clearly states that orders approving attorney's fees under that subsection are not reviewable orders, we are without jurisdiction to allow a party to subvert the intent of the Legislature by having an order reviewed indirectly which may not be reviewed directly. Accordingly, Valerio's appeal is dismissed.
ALLEN and DAVIS, JJ., CONCUR; BENTON, J., DISSENTS WITH OPINION.
BENTON, J., dissenting.
Section 440.20(11)(c), Florida Statutes (2002), does not, in my view, divest the court of jurisdiction to review the order the judge of compensation claims entered on appellant's motion to vacate order approving attorney's fees and child support allocation. Accordingly, I would reach the merits and, because the judge of compensation claims found (at least implicitly) that the claimant was represented by counsel when her case was settled, affirm. See § 440.20(11)(c), Fla. Stat. (2002) ("[W]hen a claimant is represented by counsel, .... [a]ny order ... approving the attorney's fees ... is not subject to modification....").
Initially, the judge of compensation claims had jurisdiction to decide the motion, if on no other basis, then in order to determine his own jurisdiction. See, e.g., Mandico v. Taos Constr., Inc., 605 So.2d 850, 854 (Fla.1992) (holding "prohibition may not be used to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction"). Among the grounds asserted for the motion was that
the claimant was not represented at the time the release was executed. A pro se claimant is statutorily prohibited from settling his/her case under Section 440.20(11)(c), Florida Statutes. Being unrepresented at the time, the case could only be settled under Section 440.20(11)(a) or (b)....
The judge of compensation claims had to decide whether the claimant was represented by counsel when the release was executed, in order to decide whether the putative settlement precluded an award of benefits. "When a claimant is not represented *1229 by counsel, .... [i]f the settlement proposal together with supporting evidence is not approved by the judge of compensation claims, it shall be considered void." § 440.20(11)(a), Fla. Stat. (2002).
The majority opinion does not explain why the court lacks jurisdiction to review the finding that the claimant had counsel when the release was executed. A washout settlement does not inevitably terminate either proceedings before the judge of compensation claims or our jurisdiction to review orders entered post-settlement. See generally Frix v. All State Ins., 854 So.2d 258, 258 (Fla. 1st DCA 2003) ("dispel[ling] any doubt pertaining to a JCC's authority or jurisdiction to impose sanctions for late payment of settlements under" section 440.20(11)(c)); Levine, Busch, Schnepper & Stein, P.A. v. Pool Piling Enters., 847 So.2d 1039, 1040 (Fla. 1st DCA 2003) (reversing order refusing "to satisfy the firm's lien from funds allocated for the washout settlement"). I respectfully dissent.