672 P.2d 183

Blas R. SANCHEZ and Peter T. Van Baalen, His Attorney, Petitioners,

v.

The INDUSTRIAL COMMISSION of the STATE of ARIZONA Through Charles W. PINE; G. Vernon McCracken; Daniel R. Ortega; Duane R. Pell and Ann Alexander, Commissioners of the Industrial Commission of the State of Arizona, Respondents.

No. 16500–SA.

Supreme Court of Arizona, En Banc.

Nov. 2, 1983.

Van Baalen Law Offices by Peter T. Van Baalen, Phoenix, for petitioners.

James A. Overholt, Chief Counsel, Lorraine E. Friedman, Legal Counsel, Industrial Com'n, Phoenix, for respondents.

Chris T. Johnson, Stephen L. Weiss, Harlan J. Crossman and Richard E. Taylor, Phoenix, for amicus curiae.

HOLOHAN, Chief Justice.

The petitioners by this special action challenge the authority of the Industrial Commission of the State of Arizona to set the amount of attorney's fees in a lump sum commutation decision. The petitioner Sanchez sustained an industrial injury and retained the petitioner Van Baalen as his attorney to represent Mr. Sanchez in the proceedings before the Industrial Commission. Mr. Sanchez entered into a contingent fee agreement with his attorney which provided that the attorney would receive 25% of all monies obtained from the settlement or resolution of the Industrial Commission action.

In September, 1982 the industrial carrier and the petitioner Sanchez, through the efforts of his attorney, entered into a settlement which provided that Mr. Sanchez would receive compensation benefits at the rate of $159.50 per month. This settlement was approved by the administrative law judge, and a decision and award was entered providing that Mr. Sanchez was to receive the above sum until death or further order or award of the Commission.

In October, 1982 the petitioner, through his attorney, filed a "Petition for Commutation of Findings and Award for Loss of Earning Capacity to Lump Sum Payment." The Industrial Commission denied the petition in January, 1983, and the petitioner filed a timely request for hearing.

The Industrial Commission, through its commissioners, have established a practice of establishing the amount of attorney's fees to be paid in the event of the approval of a lump sum commutation. The petitioners challenge this practice and point out that they have not asked the Industrial Commission to set the attorney's fees for the services rendered by petitioner attorney.

The essential issue presented is does the Industrial Commission of the State of Arizona have the authority, when it approves a lump sum commutation award, to also set the amount of the attorney's fees for legal services rendered to the claimant?

The Commission points out that pursuant to A.R.S. § 23–1067 it has the authority to allow the commutation of compensation to a lump sum award not exceeding $25,000, pursuant to such rules and regulations as it devises for obtaining the present value of the compensation. The statutes do not provide any specific standards to guide the Commission in this area leaving the matter to the Commission's discretion. Judicial decisions have indicated that the Commission's discretion to allow a lump sum commutation should occur only if it appears to be in the best interest of the claimant. *Prigosin v. Industrial Commission,* 113 Ariz. 87, 546 P.2d 823 (1976); *Rabago v. Industrial Commission,* 132 Ariz. 79, 643 P.2d 1049 (App. 1982). The Commission argues that it is imperative that it have the authority to scrutinize all lump sum awards to insure that they are in the claimant's best interest and that his benefits are not unreasonably reduced. From this the Commission concludes that it has the implied authority to fix the amount of attorney's fees so that the amount of the lump sum award is not unreasonably reduced.

The only specific authority granted to the Industrial Commission to set reasonable attorneys' fees is that contained in A.R.S. § 23–1069 which provides:

"A. In proceedings before the commission in which an attorney employed by the claimant has rendered services reasonably necessary in processing the claim, the commission shall, *upon application*

*filed by the attorney or the claimant prior to a final disposition of the case,* set a reasonable attorney's fee and shall provide for the payment thereof from the award, in installments or otherwise, as the commission determines proper in view of the award made, and shall further provide for the payment of the attorney's fee direct to the attorney. The commission shall charge the amount of the payment against the award to the claimant.

"B. The attorney's fee provided for in subsection A shall be not more than twenty-five per cent up to ten years from the date of the award. In cases involving solely loss of earning capacity, the maximum shall be twenty-five per cent up to five years from the date of the final award. When the payment of the award to the claimant is made in installments, or in other than a lump sum manner, in no event may an amount in excess of twenty-five per cent of any one such installment payment be withheld for the attorney's fee.

"C. The reasonableness of the attorney's fee set pursuant to subsection A shall be reviewable upon the application of the claimant or the attorney in the same manner as other awards of the commission." (Emphasis supplied).

In *McCluskey v. Industrial Commission,* 80 Ariz. 255, 296 P.2d 443 (1956), this court held that the foregoing section

". . . does not grant the Commission the power and duty to fix attorneys' fees in all cases coming before it. Its jurisdiction is limited to those cases wherein it has been *requested* to step in and fix a fee. The attorney may agree upon a fee with his client, subject only to the limitations generally imposed upon any attorney as prescribed by the ethics of the profession, or else he or his client may apply to the Commission asking that a reasonable fee be fixed, to be paid out of the award. It is only in the latter instance that the Commission has jurisdiction over the fees to be fixed and allowed for the services rendered, and only then may the attorney fee be deducted from the award and paid directly to the attorney. Thus the possible advantage of freedom of contractual action under the former method must be measured against the obvious advantage of the latter in securing direct payment out of the award itself—i.e., a choice between control of the size of fee and certainty of payment.

"This does not deny the attorney the right to contract with his client, but merely denies him the right to use the Commission as a tribunal to enforce payment thereof. Certainly the courts would still be open for enforcement of any rights thereunder, if he chooses to ignore the benefits of the statute." (Emphasis in original).

*Id.* at 260, 296 P.2d at 946. Once the attorney or claimant has invoked the jurisdiction of the Commission to fix an attorney's fee, the Commission is not bound by any contractual arrangement between attorney and client, however. *Id.* at 261, 296 P.2d at 447.

The *McCluskey* case was cited in *Timmons v. Industrial Commission,* 83 Ariz. 74, 316 P.2d 935 (1957). There, it appears that the attorney and claimant had a 25% contingent fee contract. They requested that the Commission set the fee so that it would be deducted from the claimant's award. Despite testimony from both the attorney and claimant that they were satisfied with the arrangement, the Commission did not follow the contract. On appeal, the Commission's action was asserted to be error. This court said that in *McCluskey* "[w]e stated if counsel wished to seek certainty of payment, i.e., through an award from the Commission, he had to forsake specific control of the amount of his fee." 83 Ariz. at 82, 316 P.2d at 940.

It thus appears that the only specific statute authorizing the Commission to fix attorney's fees provides that such action may be taken only upon application filed by the attorney or the claimant. It is conceded that in this case neither the petitioner-attorney nor the petitioner-client filed such an application. The Commission, however, argues that even though there is not a specific provision authorizing the setting of

attorney's fees, that it is an important factor when viewing the question of whether a lump sum commutation would be in the best interests of a claimant. We agree with the Commission up to this point. To this end we see no objection in the Commission asking for the information concerning the amount of attorney's fee that will be paid out of the lump sum. The Commission can well take this matter into consideration in determining whether after the deduction of the attorney's fees there remains an amount sufficient to supply the needs of the claimant.

▮ Taking the amount of attorney's fees contracted into account is quite different from actually setting the amount of the fee. We find no authority in the statute which grants the Commission such authority, and we find nothing which impliedly granted to the Commission such authority. The Commission can exercise its responsibilities in determining whether a lump sum settlement is for the best interest of a claimant by taking into consideration all the factors in the case. One of those factors can be the amount of attorney's fees that will be paid from the lump sum. Although the Commission has no authority to interfere with the fee arrangement, the Commission does have the authority to deny the lump sum commutation if it believes that the net amount after deduction of attorney's fees will not be sufficient to supply the needs of the claimant.

The relief sought by the petitioners is granted and the Industrial Commission is prohibited from attempting to fix the attorney's fees to be charged by the petitioner-attorney for his services to the petitioner-claimant.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.