840 P.2d 308

**Bennie DIMAIO, Petitioner Employee,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Maricopa County, Respondent Employer,**

**Gab Business Services, Respondent Insurance Carrier.**

**No. 1 CA–IC 91–0195.**

Court of Appeals of Arizona, Division 1, Department C.

Oct. 29, 1992.

Jerome, Gibson, Stewart, Friedman & Stevenson, P.C. by James L. Stevenson, Phoenix, for petitioner employee.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Ariz., Phoenix, for respondent.

Jones, Skelton & Hochuli by Terrence Kurth, Phoenix, for respondent Employer and Carrier.

## OPINION

TOCI, Judge.

The issue in this industrial case is whether the employer is entitled to a credit against claimant's future workers' compensation disability benefits for claimant's sick leave, vacation leave, and compensatory time ("accrued benefits") paid while he was disabled. Petitioner employee ("claimant") seeks special action review of an Arizona Industrial Commission ("commission") Decision Upon Hearing and Findings and of an Award ("award") granting Maricopa County ("county") a credit against claimant's future disability benefits. We set aside the award because accrued benefits are not "medical, wage loss or disability benefits" within the meaning of Ariz.Rev. Stat.Ann. ("A.R.S.") section 23–1068(B)[1] entitling the county to a credit.

## I.

Claimant accrued sick and vacation leave for each hour worked and compensatory time for each hour of overtime worked. Claimant suffered a myocardial infarction while at home and was temporarily totally disabled for two different time periods. During these periods of disability, claimant did not seek workers' compensation benefits but instead drew upon his accrued benefits. After claimant had exhausted his own accrued benefits, co-workers donated their accrued benefits for his use. As a result, the county paid claimant his full wages during both periods of total disability.

Claimant later filed a workers' compensation claim alleging that his work had substantially contributed to the infarction. After an administrative law judge issued an award for a compensable claim, the county paid to claimant temporary total disability benefits for the two periods of disability. However, when the county discovered that claimant had received both types of benefits, it issued a Notice of Claim Status[2] on the ground it had overpaid temporary disability benefits to claimant in the amount of $3,725.91. The county sought a credit in that amount under A.R.S. section 23–1068(B) (1983) against future compensation disability benefits. Claimant protested this Notice.

At the hearing, the county's workers' compensation claims administrator ("claims administrator") testified that the county had a written policy prohibiting its employees from receiving both workers' compensation benefits and full accrued benefits.[3] She, however, conceded that the county did not inform all employees of this policy.

The administrative law judge issued the award allowing a credit under A.R.S. section 23–1068(B). She found in part:

> entitled to a direct payment out of, or a direct credit against, the medical or compensation benefits payable under this article in the amount of the benefits previously paid or provided.
> A.R.S. § 23–1068(B) (emphasis added).

**2.** This notice is not part of the record, and the briefs include conflicting figures for the exact amount that claimant received.

**3.** Although the parties stipulated to include the written policy in the record, it is not included in the record.

---

**1.** This section provides in relevant part:

Compensation shall be exempt from attachment, garnishment and execution, ... except that, *if medical, wage loss or disability benefits* are paid or otherwise provided by an employer to or for the benefit of an employee for an *injury or illness for which medical or compensation benefits payable pursuant to this article have been denied or for which a claim for compensation under this article has not been filed, and such injury or illness is subsequently determined to be compensable under this article,* such employer or the person authorized by such employer to provide such benefits shall be

4. In *Moreno v. Industrial Commission*, 164 Ariz. 374, 793 P.2d 131 (App. 1990), the applicant argued that he was entitled to both workers' compensation benefits and full disability benefits in spite of a clause in the disability policy that provided for reduced payment of disability benefits during receipt of workers' compensation benefits. The court enforced the provision and allowed the self-insured employer to take a credit pursuant to A.R.S. § 23–1068.B.

5. It is found, based on the employer's regulation prohibiting both workers' compensation benefits and full payment of sick, vacation or compensatory time, that the applicant is not entitled to both workers' compensation benefits and full payment of sick, vacation or compensatory time.

## II.

The administrative law judge found that the employer was entitled to a credit under A.R.S. section 23–1068(B). We conclude, however, that construing the provisions of that section strictly, as we must, the language "medical, wage loss or disability benefits" does not mean sick leave, vacation, and compensatory time. Thus, the employer was not entitled to a credit for accrued benefits paid to the claimant.

On review, claimant denies that he received a double recovery, citing *County of Maricopa v. Industrial Comm'n*, 145 Ariz. 14, 699 P.2d 389 (App.1985). In *County of Maricopa*, the employer argued that the employee received a double recovery when he received both sick leave pay and temporary disability compensation. The employer argued the employee suffered no loss of earning capacity entitling him to disability benefits because he received sick leave pay equivalent in amount to his regular wages.

This court rejected the argument that sick leave constitutes "wages" for purposes of calculating a loss of earning capacity entitling the employee to disability payments under A.R.S. section 23–1044(A). "[S]ick leave benefits are not 'wages' in the ordinary sense because the employee did not actually work the hours for which he received wages." *Id.* at 20, 699 P.2d at 395 (citation omitted). The court instead characterized sick leave as "a fringe benefit or incident of employment." *Id.* The court therefore concluded that the employee could receive both sick leave pay and temporary disability benefits, particularly where the legislature defined "wages" to include unemployment benefits but did not mention sick leave. *Id.* at 19–20, 699 P.2d at 394–95. *See* A.R.S. section 23–1044(A).

*County of Maricopa*, however, expressly reserved whether an employer or carrier might be entitled to a credit against workers' compensation owed to a claimant for sick leave previously paid to him. *Id.* at 20 n. 7, 699 P.2d at 395 n. 7. Moreover, that case addressed only the employee's entitlement to workers' compensation but not entitlement to sick leave (or other accrued benefits) if an employee also receives workers' compensation benefits. In short, *County of Maricopa* does not undermine the award at issue here.

Nevertheless, we hold that claimant has not recovered twice for the same industrial injury. Claimant earned his accrued benefits with prior work. He has now expended these benefits, and they are no longer available should he take a vacation or suffer a nonindustrial disability. His decision to use his accrued benefits in no way alters the county's obligation to pay him workers' compensation benefits. *See* 1C Arthur Larson, *The Law of Workmen's Compensation*, § 57.46(c) at 10–270 to –275 (1992) (disallowing credit for sick and vacation pay because it is based on past service rather than on industrial injury).

Further, *Moreno* is clearly distinguishable from the instant case and therefore does not support the administrative law judge's award of a credit to the county. There, the group disability insurance policy reduced an employee's disability benefits by the amount of any workers' compensation benefits. The carrier demanded reimbursement under the policy, and the employee refused to pay. The employer repaid the carrier and took a credit against future compensation payments to the employee. This court affirmed an award of

the credit under section 23–1068(B). *Moreno,* 164 Ariz. at 374–77, 793 P.2d at 131–34. Thus in *Moreno,* the elements of A.R.S. section 23–1068 were all satisfied: the claimant received long-term disability benefits from the employer's group carrier, and he later received workers' compensation benefits for the same period of disability.

Here, the administrative law judge erroneously concluded that because the county's policy prohibited its employees from receiving both workers' compensation benefits and full accrued benefits for the same period of disability, the employer satisfied the statutory conditions of A.R.S. section 23–1068(B). This, however, is not the test. A.R.S. section 23–1068(B) allows a credit for "medical, wage loss or disability benefits" paid to an employee. Although the group disability benefit in *Moreno* unquestionably satisfied one of these elements, sick leave, vacation leave, and compensatory time do not.

The courts generally strictly construe statutory offset provisions such as this. *See* 4 Arthur Larson, § 97.41(c) at 18–71 to –75. Had the legislature intended to include accrued benefits in section 23–1068(B), it could have done so. We will not read into that section words it does not contain.

We accordingly conclude that the administrative law judge misapplied section 23–1068(B) to the current case. The county does not have a statutory credit against workers' compensation benefits for the accrued benefits that claimant received.[4] We therefore set aside the award.

VOSS, P.J., and KLEINSCHMIDT, J., concur.

---

**4.** We do not address whether claimant was overpaid accrued benefits under the county's policy. We only conclude that section 23–1068(B) does not provide a remedy for such an overpayment. The county may have a contractual remedy, if claimant unconditionally agreed to repay an amount equal to his workers' compensation benefit, *but cf.* A.R.S. § 23–1068(A) (prohibiting prospective assignment of compensation benefits), or a quasi contractual remedy for unjust enrichment. The commission, however, is not the proper forum to address these claims.