955 P.2d 49

Clark J. **KERR** and Billie Sue Kerr, husband and wife; Susan Moran, Steve Allen and John Udall, individually and as representatives of the class comprised of federal employees who paid Arizona income taxes on federal retirement contributions during one or more of the years 1984 to date, Plaintiffs,

v.

Mark J. **KILLIAN**, in his capacity as Director of the Arizona Department of Revenue, the Arizona Department of Revenue of the State of Arizona, Defendant.

Nos. TX 97–00119, TX 97–00131, TX 97–00150.

Tax Court of Arizona.

March 3, 1998.

**294**

Bonn, Luscher, Padden & Wilkins, Chtd. by Paul Bonn, Randall Wilkins, John Cassidy and D. Michael Hall, Phoenix, and O'Neil, Cannon & Hollman, S.C. by Eugene O. Duffy, Milwaukee, WI, for plaintiffs.

Grant Woods, Attorney General by Patrick Irvine and Scott Keiper, Assistant Attorney General, Phoenix, for defendant.

CATES, Judge.

1. The matter at issue arises from both an appeal from the Arizona Board of Tax Appeals and the Tax Court case of *Kerr v. Waddell.* The underlying case was brought by four named plaintiffs, former and current employees of various federal government agencies, who undertook to represent all similarly situated federal employees subject to Arizona's state income tax on federal retirement contributions.[1] During the tax years 1985 through 1990, the State of Arizona, as directed by the Arizona Department of Revenue, imposed state income taxes upon the federal employees' mandatory federal retirement contributions. Although Arizona state

---

1. This matter was certified as a class action by Judge Pro Tem Kenneth Reeves on December 4, 1990. Judge Reeves designated the applicant law firms as counsel for the plaintiff class. He ordered that no notice need be given to members of the certified class, except for the Notice To Current & Former Federal Civilian Employees in the 1990 Arizona income tax packet, which was mailed to income taxpayers at year end.

and local employees pay mandatory state retirement contributions, the State did not tax these contributions.

2. The complaint in *Kerr* alleged that federal employees had been discriminated against with respect to the taxation of their mandatory retirement contributions in violation of the federal constitutional doctrine of intergovernmental tax immunity, codified in 4 U.S.C. § 111, because state and local employees were not taxed similarly. Years of litigation and administrative action, in which the plaintiff class was represented by the two law firms who now seek fees, resulted in a Court of Appeals decision which concluded that Arizona's taxation of federal employees' mandatory retirement contributions was illegal and in violation of federal law. These efforts also resulted in a Board of Tax Appeals decision that the federal employees were entitled to a refund of the illegally collected taxes, which created a fund in the amount of approximately $28 million.

3. In the present action, plaintiffs' attorneys' motion for partial summary judgment argues that they are entitled to an award of reasonable attorneys' fees under the "common fund doctrine." They assert that because the $28 million fund was created through their efforts, allowing nearly 42,000 federal employees to receive tax refunds and interest, an award of attorneys' fees is necessary to prevent unjust enrichment. Defendant's cross-motion for summary judgment argues that plaintiffs' attorneys are not entitled to attorneys' fees for the following reasons: (1) such fees are available only pursuant to statute in tax cases, (2) there is no common fund against which their fees can be claimed, and (3) an award would violate the taxpayers' right to a full refund.

4. The common fund doctrine was articulated by the United States Supreme Court over a century ago in *Trustees of the Internal Improvement Fund v. Greenough*, 105 U.S. 527, 26 L.Ed. 1157 (1881). The doctrine provides that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 749,

62 L.Ed.2d 676 (1980). A common fund case usually arises where a successful suit, brought by an individual or representative plaintiff, results in the creation of a monetary fund that benefits a limited and identifiable group situated similarly to the plaintiff. *Kuhn v. State*, 924 P.2d 1053, 1057 (Colo. 1996); *Edwards v. Alaska Pulp Corp.*, 920 P.2d 751, 754 (Alaska 1996). Therefore, it is the creation of the fund that triggers the common fund doctrine. *Kuhn* at 1059.

5. The purpose of the common fund doctrine is to "avoid the unjust enrichment of those who benefit from the fund that is created, protected, or increased by the litigation and who otherwise would bear none of the litigation costs." *Court Awarded Attorney Fees*, 108 F.R.D. 237, 250 (1985). Put another way, the common fund doctrine is a fee spreading device which avoids inequitable results by spreading the costs of litigation amongst those benefitted by the efforts and expenses incurred by the representative plaintiff and his counsel. *Id.* An attorney's right to recover fees in a common fund case derives from principles of equity and fairness. *Kuhn* at 1059. Attorneys who undertake collection suits such as the current case, and whose efforts result in the creation of a common fund, do not provide their services to the absentee plaintiffs as a gift. *Id.* (citing Charles Silver, *A Restitutionary Theory of Attorneys' Fees in Class Actions*, 76 Cornell L.Rev. 656 (1991)). Accordingly, in order to prevent unjust enrichment of common fund beneficiaries, the attorneys responsible for its creation must be compensated for the reasonable value of their services. *Id.*

6. In *Matter of Estate of Brown*, 137 Ariz. 309, 670 P.2d 414 (App.1983), the Arizona Court of Appeals stated that "the so-called common fund theory of recovery is a recognized exception to the rule that attorney's fees in Arizona are allowed pursuant only to statute or contract." *Id.* at 312, 670 P.2d at 417. The court stated further that "it is a general rule of equity in Arizona that a person or persons who employ attorneys for the preservation of a common fund may be entitled to have their attorney's fees paid out of that fund." *Id.* (citing *Steinfeld v. Zeckendorf*, 15 Ariz. 335, 138 P. 1044 (1914),

*affirmed,* 239 U.S. 26, 36 S.Ct. 14, 60 L.Ed. 125 (1915)). Having established that the common fund doctrine is an accepted principle in Arizona, the next inquiry is whether the common fund doctrine is applicable to the present case.

▆ 7. The United States Supreme Court has set forth the following criteria for the application of the common fund doctrine: (1) the class of beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced, and (3) the fee can be shifted with some exactitude to those benefitting. *Alyeska Pipeline Serv. v. Wilderness Soc'y,* 421 U.S. 240, 261–64 n. 39, 95 S.Ct. 1612, 1625–26 n. 39, 44 L.Ed.2d 141 (1975); *Boeing v. Van Gemert,* 444 U.S. at 478–79, 100 S.Ct. at 749–50 (1980). These criteria are satisfied when each member of the certified class "has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf." *Boeing,* 444 U.S. at 477, 100 S.Ct. at 749. In the present case, the class of beneficiaries has already been identified and notified of its right to a refund of the illegally collected taxes. The precise value of each member's claim has been determined, and refunds of the illegally collected taxes have been secured. The fee can be shifted to those benefitting from the creation of the fund by taking the same percentage from each beneficiary to cover the reasonable attorneys' fees established. Therefore, the common fund doctrine applies to this case.

8. This court has read the numerous letters sent by federal employees entitled to the tax refunds. The theme of the letters is that those who are entitled to a refund did not retain, nor consent to representation by these two law firms. Therefore, they argue, the attorneys should not be entitled to a percentage of their refunds as a fee. While the court understands the position of the federal employees, the law cited above requires that the attorneys be compensated for the reasonable value of the services they rendered. The attorneys have worked on this case for more than eight years, putting in over 4,000 hours for which they have not been compensated. In addition to the exhaustive discovery, they have appeared on behalf of the representative plaintiffs before the Tax Court, the Board of Tax Appeals, the Arizona Court of Appeals and the Arizona Supreme Court. When this case began in 1989 as *Kerr v. Waddell,* plaintiffs' counsel filed actions in the Superior Court and with the Department of Revenue, which resulted in several years of litigation and administrative action. Because of the efforts of plaintiffs' counsel, the statute which mandated the tax at issue was declared unconstitutional and federal employees were put on notice of their right to a refund. This court concludes that the labor of plaintiffs' counsel in both the *Kerr* litigation and the Board of Tax Appeals decision resulted in the creation of the common fund from which the federal employees will receive their refunds. Absent counsel's efforts, it is unlikely that these federal employees would have received any refund.

9. Fairness dictates that those persons benefitting from the labor of the representative plaintiffs and their counsel pay their proportionate share of the reasonable attorneys' fees to be established by the court. The size of the fee to be deducted from each beneficiary's refund check will be minor compared to the cost of filing an individual suit to recover the illegally collected tax, both in terms of court expenses and time. This court wishes to stress that this ruling in no way constitutes an acceptance of the twenty percent (20%) fee proposed by the attorneys. The recovery will be determined following a hearing to set the amount of the award, this hearing being scheduled by separate order.

10. IT IS THEREFORE ORDERED granting plaintiffs' motion for partial summary judgment re: entitlement to attorneys' fees pursuant to the common fund doctrine, and denying defendant's cross-motion for partial summary judgment.

11. IT IS FURTHER ORDERED continuing the preliminary injunction until further order of this court.